RECEIVED

JUN 29 2026

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

FILED

JUN 29 2026

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| ANTONIO M. WILLIAMS,<br><br>                    Plaintiff,<br><br>        v.<br><br>EQUIFAX INFORMATION SERVICES LLC,<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**4:26-cv-01037 NCC**

Case No.

VERIFIED COMPLAINT
AND JURY DEMAND

## I.    COMPLAINT

1. Plaintiff Antonio M. Williams ("Plaintiff") brings this action against Defendant Equifax Information Services LLC ("Equifax" or "Defendant") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), specifically 15 U.S.C. §§ 1681g(a) and 1681e(b).

2. In support thereof, Plaintiff alleges as follows based upon personal knowledge as to his own acts and experiences and upon information and belief as to all other acts and events, including investigation conducted by Plaintiff:

## II.    JURISDICTION AND VENUE

3. Jurisdiction of this court arises under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

4. Venue is proper in Saint Louis, Missouri as the acts complained of were committed and/or caused by the Defendant within Saint Louis, Missouri and Defendant transacts business in this judicial district.

## III.    PARTIES

5. Plaintiff is an individual residing in Saint Louis, Missouri.

6. Plaintiff is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a (b) and (c).

7. Upon information and belief, Defendant is a "credit reporting agency," as defined in 15 U.S.C. § 1681a(f) and disburses consumer reports to third parties under contract for monetary compensation.

8. Upon information and belief, Defendant is a Georgia company, authorized to transact business within the State of Missouri.

9. Defendant's registered agent in Missouri is CSC-Lawyers Incorporating Service Company, 221 Bolivar St, Jefferson City, MO 65101.

## IV.    FACTUAL ALLEGATIONS

10. On or about October 3, 2025, Plaintiff mailed a file request pursuant to 15 U.S.C. § 1681g(a) to Defendant via U.S.P.S. Certified Mail. **EXHIBIT 1.**

11. Plaintiff's request included all information typically required to verify identity. Plaintiff stated: I request my entire file "clearly and accurately disclose[d] to me[me,]", as the FCRA requires without *any redaction or truncation* of any information whatsoever, including, but not limited to, account numbers, balances, SSN, etc., and without any safety, internal policy, or other measures taken by you outside of the FCRA to purportedly protect my identity or other safeguards. That is, send me the entire consumer "file" that you have on me without any modifications to it. **EXHIBIT 1.**

12. On or about October 7, 2025, Defendant received Plaintiff's file request. **EXHIBIT 2.**

13. On or about October 22, 2025, Plaintiff received a correspondence from Defendant, bearing an identification number: 5282513935-PG1-0f5f017b00000436-10102025, Date Issued: 10/10/2025, (the "Stall Letter") in response to this request. **EXHIBIT 3.**

14. The Stall Letter asked Plaintiff to provide specific Identification and Current Address documents that were included in Plaintiff's original file request. **EXHIBIT 1.**

15. Defendant failed to clearly and accurately disclose all information in Plaintiff's consumer file as required by 15 U.S.C. § 1681g(a)(1).

16. On or about June 24, 2026, Plaintiff requested his file again through annualcreditreport.com, bearing a Confirmation Number: 6175578323, and found multiple accounts that failed to clearly and accurately disclose all information in Plaintiff's consumer file as required by 15 U.S.C. § 1681g(a)(1). **EXHIBIT 4.**

17. On or about November 10, 2025, Plaintiff applied for a Chase Sapphire Reserve credit card and was denied based on information in a consumer report obtained from Equifax. **EXHIBIT 5.**

18. Chase Bank solely and/or partially based its' decision on information obtained from the consumer report provided by Equifax.

19. On or about November 11, 2025, Plaintiff applied for a Citi Diamond Preferred Mastercard and was denied based on information in a consumer report obtained from Equifax. **EXHIBIT 6.**

20. Citibank solely and/or partially based its' decision on information obtained from the consumer report provided by Equifax.

21. The definition of "consumer report" under 15 U.S.C. § 1681a(d)(1)(A) and the definition of "file" under 15 U.S.C. § 1681a(g) are different.

22. The Court agrees with Blevins § 1681g(a)(1) of the FCRA does not require a plaintiff to show an inaccuracy in reporting to establish a violation of the disclosure provision itself. Rather, § 1681g(a)(1) imposes a duty on consumer reporting agencies to disclose information in a consumer's file upon request, and this obligation is distinct from claims alleging inaccurate reporting under other FCRA provisions. *Blevins v. Equifax Information Services LLC*, No. 25-cv-23481-BLOOM/Elfenbein, slip op. at 3–4 (S.D. Fla. Dec. 29, 2025).

23. The obfuscation of furnisher names and account numbers prevented Plaintiff from clearly and accurately identifying the sources of the adverse information, in violation of the "clearly and accurately" disclosure mandate of 15 U.S.C. § 1681g(a), as Plaintiff was unable to properly identify and dispute the items with the relevant furnishers.

24. This type of obfuscation mirrors the failure to disclose critical alerts addressed in *TransUnion v. Ramirez*, 141 S. Ct. at 2208, where the Supreme Court held that § 1681g requires clear and accurate identification of all file contents, including sources of derogatory information.

25. Procedural violations of § 1681g, including incomplete disclosures, confer standing where they risk harm from inaccurate file certification.

26. Upon information and belief, Defendant maintains internal policies and procedures that are in direct violation of and contradictory to the federal laws set out in the FCRA.

27. Defendant provided a limited "consumer disclosure" that failed to include all information in Plaintiff's file.

28. Defendant's disclosure concealed key account details by providing a truncated and incomplete account number and masked social security number, preventing Plaintiff from verifying and properly disputing the reported account.

29. Defendant's disclosure omitted the identification of each person that procured a consumer report during the one-year period preceding the date on which the request was made.

30. Specifically, the following trade lines contained an incomplete account number:

   a) BANK OF AMERICA *0826

   b) CAPITAL ONE BANK USA NA *2499

   c) CAPITAL ONE BANK USA NA *8796

   d) CITIZENS PAY LOC *6671

   e) APPLE CARD – GS BANK USA *5037

31. Additionally, these tradelines included, but not limited to, incomplete recent payment, incomplete or inaccurate highest balance, incomplete payment history, unclear payment history, incomplete and unclear account numbers. **EXHIBIT 7.**

32. The failure to disclose a complete account number and the identification of each person that procured a consumer report during the one-year period preceding the date on which the request was made violates 15 U.S.C. § 1681g(a)(1), which mandates that CRAs provide all information recorded and retained in the consumer's file at the time of the request.

33. Upon information and belief, the data furnishers reported the complete account number belonging to its respective account to Defendant, and this information was contained in the file at the time of the request.

34. Upon information and belief, when Equifax produces and sells consumer reports regarding Plaintiff to third parties, the complete account number and name of the original creditor is included in its' reports.

35. Having a duty to disclose all of the information regarding the accounts in the file, Defendant breached its' duty by failing to provide the complete account number and, as such, information is necessary for a consumer to be able to research and evaluate the information contained in the credit file.

36. Absent such information, a consumer is reduced to, at best, playing detective and, at worst, guessing whether the information in the file is accurate.

37. The FCRA requires that consumers be provided with a complete copy of their file, including internal records and archived information that may affect their credit standing.

38. Defendant's Disclosure failed to include Internal notes or archival data related to previously disputed accounts, historical payment data that is otherwise reported to third parties, complete inquiry history, including suppressed inquiries visible only to creditors.

39. These omissions deprived Plaintiff of the ability to verify or properly dispute the accuracy of the reported information.

40. The lack of accurate and complete account numbers caused Plaintiff great frustration, anguish, and emotional distress attempting to understand the contents of the file.

41. Defendant's omission of the complete account number and other omissions greatly decreases a consumer's ability to understand the consumer credit disclosure, identify the accounts, and compare those accounts against their own records.

42. Plaintiff has a right to a full and complete disclosure of the contents of the file upon request and/or demand, at least once per year and without charge, and that disclosure must be presented clearly and accurately pursuant to 15 U.S.C. § 1681j.

43. Defendant's failure to accurately, completely and clearly disclose the information within its' files deprives Plaintiff of this right.

44. If Defendant had performed even a negligent investigation, it is more likely than not that the inaccurate, unclear, and incomplete information would have been deleted from Plaintiff's files, credit reports, and/or consumer disclosures.

45. Defendant willfully failed to maintain reasonable procedures to prevent Plaintiff's credit information from including incomplete information or inaccurate information related to the Accounts.

46. The result is that inconspicuously inaccurate, unclear, and/or incomplete information, including but not limited to, accounts, inquiries, SSN, and payment history, are being allowed to stay on Plaintiff's files, credit reports, consumer reports, and/or consumer disclosures.

47. Upon information and belief, the Defendant knew that the furnishers associated with the accounts are particularly unreliable furnishers of consumer credit information because Defendant has been sued in the past for failing to investigate and correct inaccurate consumer credit information furnished to it by those companies.

48. Upon information and belief, Defendant knows that a complete and full file disclosure is more than what is provided in a consumer report or a credit report – it is all the information the consumer reporting agency has on the consumer.

49. The documents that the Plaintiff received from Equifax contained what appeared to be information about Plaintiff's credit accounts; however, most of the account numbers were omitted, truncated, abbreviated, or partially obscured. Because of this, Plaintiff is confused and unable to compare the information provided with Plaintiff's own records, statements, and loan origination documents, and is therefore unable to monitor the disclosure of credit information to third parties for errors or inaccuracies or to determine whether or not they are a victim of credit identity theft.

50. Upon information and belief, Plaintiff's creditors furnish complete account numbers to Defendant.

51. The missing information is necessary for a consumer to be able to research and evaluate the information in the Plaintiff's files.

52. The lack of accurate, full account numbers, and inaccurate, unclear and incomplete account information and payment history caused Plaintiff great frustration and emotional distress when trying to understand his credit reports and verify them against his own records.

53. The FCRA seeks to ensure "fair and accurate credit reporting." *Spokeo, Inc. v. Robins,* 578 U.S. 330, 334 (2016), *as revised* (May 24, 2016) (quoting 15 USC § 1681(a)(1)).

54. Webster's Third New International Dictionary (3d ed. 1986), defines "clearly" as: "(1) in a clear manner (that which is and distinctly conceived as the truth); (2) of something asserted or observed: without doubt or question". "Accurately" is defined "in an accurate manner". Gillespie v. Equifax Information Services, L.L.C., 484 F.3d 938, 944–46 (7th Cir. 2007).

55. Congress requires disclosure that is both "clearly and accurately made. An accurate disclosure of unclear information defeats the consumer's ability to review the credit file,

eliminating a consumer protection procedure established by Congress under the FCRA. Gillespie v. Equifax Information Services, L.L.C., 484 F.3d 938, 944–46 (7th Cir. 2007).

56. In the Fifth Circuit a court has found nearly identical allegations alleged a "willful violation". *Stafford v. TransUnion, L.L.C., et al.*, NO. 4:25-CV-00921-JDK, JDL, Dkt. No. 25 (Report and Recommendation) at 5-6 (E.D. Tex. Nov. 17, 2025) (further noting cases which suggest the FCRA permits awards of statutory damages where the violation is willful and does not necessarily require actual damages as a precondition for standing).

57. The FCRA also sought to address the consumer's "lack of access to the information in [her] file [and] the difficulty in correcting inaccurate information". *Kelly v. RealPage Inc.*, 47 F. 4th 202, 206 (3d Cir. 2022)

58. The Fifth Circuit has "recognized that 'emotional distress' is a traditional harm that satisfies *TransUnion's* concreteness requirement". *Calogero v. Shows, Cali & Walsh L.L.P.*, 95 F.4th 951, 958 (5th Cir. 2024) (Citing *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4TH 816, 824 (5th Cir. 2022)) (examining standing under FDCPA and stating a "plaintiff can sue for damages if the risk materializes or cause a separate injury-in-fact, such as emotional distress").

59. In addition to specifying the "[c]onditions and form of disclosure to consumers" *id.* § 1681h, and the procedures for consumers to dispute "the completeness or accuracy of any item of information ... in a consumer's file" with a CRA, *id.* § 1681i, Congress also gave consumers a powerful remedy to enforce their rights by creating private cause of action, for both willful and negligent violations of the FCRA, including statutory damages and attorney's fees. *Id.* (CITING 15 U.S.C. §§ 1681n, 1681o; also citing *Long v. Se. Pa. Transp. Autho.*, 903 F.3d 312, 323 (3d Cir. 2018) ("Congress granted the consumer a right to

receive a copy of his report before adverse action is taken, and provided for statutory damages plus attorney's fees for willful noncompliance[.]")) To prove a case of negligent noncompliance, a plaintiff must produce some evidence of actual damages caused by the violation. *Taylor v. Screening Reps., Inc.,* 294 F.R.D. 680, 686 (N.D. Ga 2013) (citation omitted). To assert a claim for willful noncompliance, a plaintiff does not need to prove actual damages. *Id.* At 687 (citation omitted.

60. The failure to disclose full account numbers and having inaccurate, unclear, and incomplete payment history violates the FCRA's requirement that a CRA disclose all information contained in a consumer's credit file clearly and accurately. *See Washington v Equifax, Case No. 3:19-cv-00154 (M.D. Tenn. Jun. 12, 2019)* ("The plain language of the FCRA requires that the consumer reporting agency shall clearly and accurately disclose to the consumer '[a]ll information in the consumer's file at the time of the request'. 15 U.S.C. § 1681g. In the absence of binding authority stating that a truncated account number is a clear and accurate disclosure, the Court find that Plaintiffs have stated a plausible claim for a violation of Section 609 of the FCRA.")

61. Other circuit courts have similarly found non-disclosure a sufficiently concrete injury where it prevented the plaintiff from receiving "fair and accurate reporting of their credit information", *Tailford v. Experian Info. Sols., Inc.,* 26 F.4th 1092, 1100 (9th Cir. 2022) (noting the alleged procedural violations protected substantive rights by requiring disclosures necessary for informed decision-making and find the alleged violation of § 1681g were sufficient to confer standing), or affected their ability to "obtain the information [they] needed to cure [their] credit issues, [or] ultimately resolve those issues", *Dreher v. Experian Info. Sols., Inc.,* 856F.3d 337, 347 (4th Cir. 2017).

62. The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. See, e.g. Havens Realty Corp. v. Coleman, 455 U.S. 353 (1982), holding "alleged injury to (plaintiff's) statutorily created right to truthful housing information" was a cognizable injury in and of itself, regardless of whether the plaintiff actually hoped to reside in the defendant's housing complex; therefore "the Art. III requirement of injury in fact [was] satisfied.

63. Pursuant to a 2000 FTC Opinion Letter (Advisory Opinion to Darcy, June 30, 2000), "it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide 'accurate' (and perhaps not 'clear') disclosure of all information in the file". **EXHIBIT 8.**

## V.     FIRST CAUSE OF ACTION

### Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681g(a)

64. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

65. Pursuant to 15 U.S.C. § 1681g(a), upon a consumer's request, a consumer reporting agency such as Equifax must clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request.

66. Equifax willfully and/or negligently violated 15 U.S.C. § 1681g(a) by failing to clearly and accurately disclose Plaintiff's consumer file in the June 2026 Disclosure Report, as the report included multiple accounts with obfuscated furnisher and account details that prevented Plaintiff from certifying the completeness and accuracy of his file or addressing the inaccuracies therein.

67. *See TransUnion LLC v. Ramirez*, 141 S. Ct. at 2208 (emphasizing the requirement for clear and accurate disclosures under § 1681g); *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d at 756 (holding non-compliance with industry standards like Metro 2 actionable under the FCRA).

68. Defendant violated 15 U.S.C. § 1681g(a)(1) when responding to Plaintiff's request for the file by failing to clearly and accurately disclose to Plaintiff, a consumer, all of the information recorded and retained in the file regardless of how the information was stored at the time of the request. Specifically, Equifax disclosed accounts reported by BANK OF AMERICA, CAPITAL ONE BANK USA NA, CAPITAL ONE BANK USA NA, CITIZENS PAY LOC, APPLE CARD – GS BANK USA without disclosing the complete and full account number, complete account information and payment history even though a complete and full account numbers, missing account information, payment history and source(s) was reported by the data furnishers.

69. Equifax knowingly provided unclear and incomplete information in Plaintiff's disclosure, as it knew of these issues, which have been identified and disputed by other consumers for years.

70. Specifically, Equifax omitted the identification of each person that procured a consumer report during the one-year period preceding the date on which the request was made.

71. Equifax knowingly provided incomplete information in Plaintiff's Disclosure Report, as it knew of these issues, which have been identified and disputed by other consumers for years.

72. Equifax is therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681n, for the greater of actual damages or statutory damages of up to $1,000 per violation and costs.

Alternatively, Defendant's conduct was negligent, and Defendant is therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681o for actual damages and costs.

## VI.   PRAYER FOR RELIEF

73. WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant the following relief:

a) Actual damages in an amount not less than $50,000, in an amount to be determined at trial;

b) Statutory damages of $1,000 per violation under the FCRA;

c) Statutory damages for willful noncompliance pursuant to 15 U.S.C. § 1681(a)(1)(A);

d) Punitive damages for Defendant's willful violations pursuant 15 U.S.C. § 1681n(a)(2);

e) Actual damages for negligent noncompliance pursuant to 15 U.S.C. § 1681o;

f) An order directing Equifax to correct its files and provide Plaintiff with an updated, accurate file disclosure;

g) Injunctive relief prohibiting Equifax from further dissemination of inaccurate information about Plaintiff;

h) Costs of suit pursuant to 15 U.S.C. § 1681n(o); and

i) Such other and further relief as the Court deems just and proper.

## VII.   JURY TRIAL DEMAND

74. Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted:

Dated: June 29, 2026

s/ Antonio M. Williams
Antonio M. Williams

PO Box 179162
Richmond Heights, MO 63117
(314) 267-3235
mike@lucidpointequity.com
*Pro Se Plaintiff*